**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CLARENCE EDWARD BALDWIN,<br>Appellant, | DOCKET NUMBER<br>DC-315H-20-0077-I-1 |
| v. | |
| DEPARTMENT OF ENERGY,<br>Agency. | DATE: November 3, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Clarence Edward Baldwin</u>, Temple Hills, Maryland, pro se.

<u>Pamela Simmonds</u>, Esquire, and <u>James Christopher Bush</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1   The appellant has filed a petition for review of the initial decision, which dismissed his involuntary resignation appeal for lack of jurisdiction. On petition for review, the appellant argues, among other things, that he is an "employee" under 5 U.S.C. § 7511(a)(1)(A) with Board appeal rights by virtue of his prior service with another agency and his participation in the Civil Service Retirement

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

System. He challenges the accuracy of some of the Standard Forms 50 in the record and argues the agency erred by not using chapter 75 procedures in attempting to remove him before he resigned. He also argues that the administrative judge erred in not allowing him to seek discovery on the jurisdictional issue. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The administrative judge correctly found that the appellant's tenure in his prior position at the Small Business Administration (SBA) cannot be considered towards satisfying the probationary period in the position at issue in this appeal because there was a break in service of 354 days between the date he left his SBA position on March 1, 2016, and his appointment to the position at issue on February 19, 2017. Initial Appeal File (IAF), Tab 28, Initial Decision at 7; *see Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 9 (2010) (finding that an individual who has not served a full year under his appointment can show that he has completed the probationary period, and so is no longer a probationer, by tacking on prior service if: (1) the prior service was rendered immediately preceding the probationary appointment; (2) it was performed in the same agency;

(3) it was performed in the same line of work; and (4) it was completed with no more than one break in service of less than 30 days); 5 C.F.R. § 315.802(b). Similarly, given that the appellant served in the position at issue in this appeal for 334 days, from February 19, 2017, to January 19, 2018, and had a break in service of more than one day between his separation from the SBA and his appointment with the agency, he lacks the one year of current continuous service by which he might establish that he is an "employee" with Board appeal rights. IAF, Tab 16 at 12, 26; *see Hurston*, 113 M.S.P.R. 34, ¶ 9. Regarding the appellant's claim that his status in the Civil Service Retirement System makes him an employee with Board appeal rights, his status in a retirement system is not relevant to whether he is an "employee" under 5 U.S.C. § 7511(a)(1)(A).[2]

¶3    Concerning the appellant's contentions regarding discovery, the Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion. *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table). The administrative judge correctly observed that the appellant failed to identify any discovery he sought which could lead to potentially relevant evidence on the issue of his status as an "employee" with Board appeal rights. IAF, Tab 6 at 1-2. Similarly, the appellant fails to explain on review why anything he sought in discovery would have

[2] The appellant has also not shown how any purported errors in the Standard Forms 50 in the record are relevant to whether he met the definition of an "employee" with Board appeal rights. 5 U.S.C. § 7511(a)(1)(A). Because he did not meet the statutory definition of an "employee," the appellant was not entitled to chapter 75 procedures. 5 U.S.C. §§ 7511(a)(1), 7513; *Sosa v. Department of Defense*, 102 M.S.P.R. 252, ¶ 6 (2006). More than 2 years after the close of the record on petition for review, the appellant filed a motion for leave to file additional evidence, asserting that the agency prepared a fraudulent Standard Form 50 and committed perjury. Petition for Review File, Tab 12. The appellant has not explained his argument further nor shown that the evidence upon which it is based was not available prior to the close of the record; thus, having failed to show the nature of or need for this additional pleading, his motion is denied. 5 C.F.R. § 1201.114(a)(5); *see Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

changed the result in his appeal. *See Russell v. Equal Employment Opportunity Commission*, 110 M.S.P.R. 557, ¶ 15 (finding that the appellant must explain how any information he sought would have changed the result of the appeal in order to establish an abuse of the administrative judge's discretion). Thus, the appellant failed to show that the administrative judge abused her discretion in denying him discovery on the jurisdictional issue. *Wagner*, 54 M.S.P.R. at 452.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision.   5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Jennifer Everling

FOR THE BOARD: _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.